


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Khaimraj Singh, | Civ. Action #: |
| Plaintiff, | Complaint |
| -v- | Date Filed: |
| 28-32 Herald Properties, LLC, | |
| Defendant. | Jury Trial Demanded |

Plaintiff Khaimraj Singh, ("Plaintiff"), by Abdool Hassad, his attorney, complaining of the Defendant, respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216 (b), that he is: (i) entitled to unpaid wages from Defendant for overtime work for which he did not receive overtime premium pay, and (ii) entitled to liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including § 216(b)

2. Plaintiff further complains, that he is: (i) entitled to unpaid wages from Defendant for overtime worked for which he did not receive any premium pay and spread of hours pay; and (ii) is entitled to liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., and the regulations thereunder including 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover his unpaid wages under Article 6 of the New York Labor Law including Section 191 and is entitled to liquidated damages/penalties and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §

1

1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Khaimraj Singh ("Plaintiff" or "Singh") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief, Defendant 28-32 HERALD PROPERTIES, LLC, ("Defendant" or "Herald Properties") is a foreign for-profit limited liability company.

9. Upon information and belief, Herald Properties is organized and existing under the laws of the State of New Jersey and is duly authorized to operate and do business within the State of New York.

10. Upon information and belief, Herald Properties operates and maintains offices within the State of New York at 131 West 35th Street, 7th Floor, New York, NY 10001.

11. Upon information and belief, Defendant operates/manages and/or owns commercial multi-story building(s) in Manhattan New York.

12. The relevant times herein, refers to the two year period, the three year period, and the six year period prior to the filing of this complaint.

13. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

14. Upon information and belief, Defendant is engaged in the business of owning/operating/managing commercial building(s).

15. Upon information and belief, Plaintiff was employed by Defendant from on or about February 17, 2004 and to on or about September 4, 2007.

16. Plaintiff was employed by Defendant to perform manual maintenance work in building maintenance and upkeep in New York, New York.

17. Throughout the period of Plaintiff's employment with Defendant, and at all relevant times herein, Defendant paid Plaintiff on an hourly basis. **(See Exhibit 1)**.

18. Plaintiff's last rate of pay while an employee of Defendant was approximately $9.50/hr. **(See Exhibit 1)**

19. Throughout his employment with Defendant and at all times relevant herein, Plaintiff worked more than forty (40) hours in a week for Defendant in some or all weeks, but was not paid at a rate of 1.5 times his regular rate for each hour worked in excess of forty hours in a week. **(See Exhibit 1)**

20. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked in excess of forty hours in each week when such overtime was worked. **(See Exhibit 1)**

## AS AND FOR A FIRST CAUSE OF ACTION – Unpaid Overtime
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

21. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 20 above as if set forth fully and at length herein.

22. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA 29 U.S.C § 201 et Seq.

23. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

24. At all times applicable herein, Defendant transacted and transact commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

25. At all times applicable herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour he worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207. **(See Exhibit 1).**

### Relief Demanded

26. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION – Unpaid Overtime
### NEW YORK MINIMUM WAGE ACT NYLL 650 et Seq.

27. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 26 above as if set forth fully and at length herein.

28. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

29. At all times relevant to this action, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour he worked in excess of forty (40) hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2. **(See Exhibit 1).**

**Relief Demanded**

30. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime compensation, twenty-five (25%) percent liquidated damages, reasonable attorneys' fees, pre-judgment interest, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW § 190, 191 and 198

31. Plaintiffs allege and incorporates each and every allegation contained in paragraphs 1 through 30 with the same force and effect as if fully set forth at length herein.

32. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191 and 198 and the applicable regulations thereunder.

33. At all times relevant to this action, Plaintiff was employed by Defendant as a manual worker, laborer or workingman, within the meaning of the New York Labor Law § 190 et seq. including § 191.

34. Defendant violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191 and 198 by failing to pay Plaintiff all his overtime wages (FLSA and NYMWA), as required by and within the time specified in NY Labor Law § 190 et seq. specifically including NY Labor Law § 191.

**Relief Demanded**

35. Due to Defendant's New York Labor Law Article 6 violations including violation of section 191, Plaintiff is entitled to recover from Defendant, his entire unpaid overtime compensation, plus twenty-five percent liquidated damages given the willful nature of Defendants' violation, reasonable attorneys' fees, prejudgment interest, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

36. Declare Defendant to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act and the Regulations thereunder.

37. Award Plaintiff his unpaid overtime wages due under the FLSA and NYLL and the Regulations thereunder as well as overtime wages due under Article 6 of the NYLL.

38. Award Plaintiff prejudgement interest on all monies due.

39. Award Plaintiffs any relief requested or stated in the preceding paragraphs but which has not been requested in the PRAYER FOR RELIEF, in addition to the relief requested in the PRAYER FOR RELIEF.

40. Award Plaintiff an additional equal amount as liquidated damages because of Defendant's failure to pay overtime pursuant to 29 U.S.C. § 216 and an additional amount of twenty-five (25) percent as liquidated damages/penalties under Section 663 and Section 198 of New York State Labor Law.

41. Award Plaintiff the costs of this action together with reasonable attorneys' fees pursuant to applicable laws including the Fair Labor Standards Act 29 USC 216(b), and Section 198 and 663 of the New York State Labor Law.

42. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens, New York**
    **October 14, 2007**

Respectfully submitted,

_/s/ Abdool Hassad_

By: Abdool Hassad, Esq. (AH6510)
*Counsel for Plaintiff*
175-61 Hillside Avenue, Suite 306
Jamaica, NY 11432
Tel: (718) 725-2820

# Exhibit 1

**Earnings Statement**

ADP EasyPay

28-32 HERALD PROPERTIES LLC
131 W 35TH STREET
7TH FLOOR
NEW YORK, NY 10001

Pay Period: 8/11/2007 to 8/17/2007
Pay Date: 8/17/2007

Employee Number: 0003
Department Number:
Social Security Number: XXX-XX-7161
Marital Status: MARRIED
Number Of Allowances: 01
Rate: 9.5000

KHAIMRAJ SINGH
92-48 170TH ST
JAMAICA, NY 11433

| Hours and Earnings | | | | Taxes and Deductions | | |
|---|---|---|---|---|---|---|
| Description | Hours | This Period | Year-To-Date | Description | This Period | Year-To-Date |
| REGLAR | 65.00 | 617.50 | 20377.50 | FICA | 47.24 | 1558.68 |
| | | | | FED WT | 44.98 | 1484.34 |
| | | | | NY ST | 23.50 | 775.50 |
| | | | | NY DIS | .60 | 19.80 |
| | | | | NewYrk | 14.61 | 482.13 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $20,377.50 | $617.50 | $130.93 | $486.57 |

©1998, 2006. ADP, Inc. All Rights Reserved.

▼ TEAR HERE

---

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

**28-32 HERALD PROPERTIES LLC**
131 W 35TH STREET
7TH FLOOR
NEW YORK, NY 10001

DEPOSIT

Check Date: 8/17/2007

$486.57 DEPOSIT TO BANK# 021000021 CHK ACCT# 987093848565

Pay This Amount    $486.57

Pay To The Order Of

KHAIMRAJ SINGH
92-48 170TH ST
JAMAICA, NY 11433

****VOID********VOID****

THIS IS NOT A CHECK

**VOUCHER ONLY - NON-NEGOTIABLE**

# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: 28-32 HERALD PROPERTIES, LLC

Selected Entity Status Information

**Current Entity Name:** 28-32 HERALD PROPERTIES, LLC
**Initial DOS Filing Date:** MAY 16, 2002
**County:** NEW YORK
**Jurisdiction:** NEW JERSEY
**Entity Type:** FOREIGN LIMITED LIABILITY COMPANY
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
28-32 HERALD PROPERTIES, LLC
131 WEST 35TH STREET
7TH FLOOR
NEW YORK, NEW YORK, 10001

**Registered Agent**
BERNARD ROSENBERG
131 WEST 35TH ST., 7TH FLOOR
NEW YORK, NEW YORK, 10001

NOTE: New York State does not issue organizational identification numbers.

Search Results    New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page